UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dominique J. Connell,                                  Civil No. 10-3133 (MJD/FLN)

        Plaintiff,

        v.                                            **REPORT AND
                                                       RECOMMENDATION**
Bank of America,

        Defendant.

___

Dominique J. Connell, *Pro Se* Plaintiff.
Alene R. Grossman & James K. Langdon for Defendant.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on August 24, 2010 on Plaintiff's Motion to Suspend [#9]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends the motion be **DENIED**.

## I.    FINDINGS OF FACT

On March 17, 2005, Plaintiff and his wife executed two mortgages for their home in Bayport, Minnesota ("Subject Property") in the amounts of $160,000 and $40,000, respectively. (Doc. No. 11, Decl. Grossman, Exs. 1 and 2.) Plaintiff and his wife have since defaulted on both mortgages. (Decl. Grossman ¶ 6.) BAC Home Loans Servicing LP became the servicer for both mortgages, but it is not the owner of the Subject Property. (Decl. Grossman ¶¶ 4-5.) Rather, Wells Fargo Bank, N.A., as trustee for the MLMI Trust Series 2005-FM1, initiated foreclosure proceedings on the Subject Property pursuant to Plaintiff's default on the $160,000 mortgage and purchased the Subject

1

Property in a sheriff's sale on February 24, 2010. (Decl. Grossman, Ex. 3.) The redemption period expires today, August 24, 2010.

On August 20, 2010, Plaintiff filed the instant "Motion to Suspend," asking the Court to "order an immediate suspension of the foreclosure process." (Doc. No. 9.) The Court treats Plaintiff's motion as a motion for a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 65(b).

## II.  CONCLUSIONS OF LAW

The Eighth Circuit Court of Appeals has established the standard for issuance of preliminary injunctions and temporary restraining orders. *Dataphase Sys. Inc. v. CL Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*). In evaluating a motion for a temporary restraining order, a court must consider: (1) the threat of irreparable harm to the movant; (2) the harm to be suffered by the moving party if injunctive relief is denied as compared to the effect on the non-moving party if the relief is granted; (3) the public interest; and (4) the probability that the moving party will succeed on the merits. *Id.* at 113, 114; *see Sain v. Geske*, No. 07-4203, 2007 WL 3051424 at * 1 (D. Minn., Oct. 16, 2007). "The very nature of the inquiry on petition for preliminary relief militates against a wooden application of the probability [of success on the merits] test." *Dataphase*, 605 F.2d at 113.

It appears from the record that Plaintiff has defaulted on his mortgage, the bank[1] has foreclosed, and Plaintiff's redemption period expires today, August 24, 2010. Plaintiff appears to contend that Defendant's failure to accept his proffered "Bill of Exchange" automatically results in

---

[1] Defendant, Bank of America, contends it is simply a loan servicer, and not the owner of the mortgage that is in dispute in this case, and that it is not the real party in interest in this case. The Court expresses no opinion on whether Bank of America is or is not the real party in interest.

the discharge of his debt. (*See* Compl., Ex. 1 at 2-3.) The "Bill of Exchange," a copy of which is attached to the Complaint, is an incomprehensible document. It would appear from its content, that Plaintiff contends that because federal reserve notes, "have no redeemable value in gold or silver coin," the Bill of Exchange some how discharged the debt, secured by the Mortgage, when it was rejected by the Bank.

It may well be that Plaintiff will suffer irreparable harm if the restraining order is not granted. It may also be the case that the harm to be suffered by Plaintiff will be greater than any harm the Defendant would suffer if the emergency relief were granted. However, Plaintiff has had ample opportunity, during the six-month redemption period, to resolve his dispute with the real party in interest[2] and satisfy his outstanding mortgage debt. Plaintiff's complaint, like the "Bill of Exchange" he attached to it, is incomprehensible, and borders on the frivolous. At the hearing on the Motion, Plaintiff failed to demonstrate any likelihood of success on the merits of his claim. Finally, the public interest will not be served by having a federal district Court intervene in a state law foreclosure process, based upon a frivolous complaint that has virtually no potential to succeed.

Having considered the four *Dataphase* factors and applied them to the facts of the instant case, the Court concludes that Plaintiff is not entitled to the relief he seeks. For the reasons articulated herein, his motion for emergency relief must be denied.

### III. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Suspend [#9] be **DENIED**.

---

[2] Whoever that may be.

3

DATED: August 24, 2010                              *s/ Franklin L. Noel*

                                                    FRANKLIN L. NOEL
                                                    United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 7, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **September 7, 2010,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.