UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DOMINIQUE J. CONNELL,

          Plaintiff,

                      **MEMORANDUM OF LAW & ORDER**

v.                            Civil File No. 10-3133 (MJD/FLN)

WELLS FARGO BANK, N.A.,

          Defendant.

Dominique J. Connell, pro se.

Sparrowleaf Dilts McGregor, Andre T. Hanson, and Ronn B. Kreps, Fulbright & Jaworksi LLP, Counsel for Defendant.

## I. INTRODUCTION

This matter is before the Court on Defendant Wells Fargo, N.A.'s Motion to Dismiss Plaintiff's Amended Complaint. [Docket No. 51] For the reasons that follow, the motion is granted.

## II. BACKGROUND

Plaintiff Dominique J. Connell commenced the original action in this Court against Bank of America on July 27, 2010. [Docket No. 1] Bank of America, as

1

sole Defendant at the time, moved to dismiss the complaint on August 17, 2010. [Docket No. 3]  On October 7, 2010, the Court granted Plaintiff's Motion to Amend the Complaint [Docket No. 31], and on October 18, 2010, Plaintiff filed an Amended Complaint, naming BAC Home Loans, LP, and Wells Fargo, N.A. as additional Defendants.  [Docket No. 32]  However, Plaintiff never properly served Defendant Wells Fargo.

On November 18, 2010, United States Magistrate Judge Franklin L. Noel recommended dismissal of the Amended Complaint.  [Docket No. 34]  On December 13, 2010, the Court adopted the Report and Recommendation and dismissed the Amended Complaint without prejudice.  [Docket No. 37]  On April 6, 2011, the Eighth Circuit affirmed the Court's dismissal of the case. [Docket No. 46]

On January 4, 2011, Plaintiff moved for a default judgment against Defendant Wells Fargo.  [Docket No. 40]  The Court denied the motion because no Clerk of Court default had been entered.  Additionally, no summons had been issued to Wells Fargo, so it was not required to file a responsive pleading. [Docket No. 41]

Later, Plaintiff sent a copy of the Amended Complaint, with a Summons dated May 27, 2011, to Wells Fargo.  (McGregor Decl., Ex 1.)  Defendant Wells Fargo has now moved to dismiss the Amended Complaint.

## III.  DISCUSSION

### A.  Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move the Court to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted.  In reviewing a motion to dismiss, the Court takes all facts alleged in the complaint to be true.  Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Thus, although a complaint need not include detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Id. (citations omitted).

In deciding a motion to dismiss, the Court considers "the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint."  PureChoice, Inc. v. Macke, Civil No. 07-

1290, 2007 WL 2023568, at *5 (D. Minn. July 10, 2007) (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir.1999)).

"[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Stringer v. St. James R-1 School Dist., 446 F.3d 799, 802 (8th Cir. 2006) (citation omitted). "Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citations omitted).

B.  Analysis of Plaintiff's Amended Complaint

Even construing the Amended Complaint liberally, a thorough examination of Plaintiff's complaint here conveys that there is no cognizable claim asserted. Plaintiff's central allegation is that the "Bill of Exchange" he tendered satisfied the debt owed on his mortgage. Plaintiff further claims that the debt has been discharged, because Defendants have refused to honor the tender. However, courts in numerous jurisdictions have clearly ruled that documents that purport to release debtors from their obligations under redemption and reservation of rights theories are not valid and have dismissed

4

claims under such claims as frivolous.  As the Court noted in its December 13, 2010, Order: "From coast to coast, claims that debts have been paid under the redemption theory by the plaintiffs' issuance of 'bills of exchange' have been dismissed as frivolous."  <u>Hennis v. Trustmark Bank</u>, No. 2:10cv20-KS-MTP, 2010 WL 1904860, *5 (S.D. Miss. May 10, 2010).  Similarly, the "Bill of Exchange" proffered by Plaintiff here is itself is an unintelligible document that does not state any facts that would support its acceptance as a valid negotiable instrument.

   Plaintiff's remaining claims are similarly incomprehensible.  It is not clear to which contracts Plaintiff refers in his Amended Complaint.  As the Court previously noted, "On the whole, Plaintiff's complaint, like the 'Bill of Exchange' he attached to it, is incomprehensible and borders on the frivolous.  No portion of the Amended Complaint asserts factual content sufficient to support any viable cause of action or claimed legal wrong.  . . .  Despite amending his complaint to include BAC and Wells Fargo, N.A. as Defendants, Plaintiff has failed to assert any cognizable claim against any party to this action."  (Report & Recommendation at 4.)  This analysis remains accurate.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Defendant Wells Fargo, N.A.'s Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 51] is **GRANTED**.

2. This matter is **DISMISSED WITH PREJUDICE**.

3. Plaintiff's Motion for Order to Investigate Note Holders for Fraud in Alleged Note [Docket No. 62] is **DENIED AS MOOT**.

4. Plaintiff's Motion for Summary Judgment [Docket No. 66] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 19, 2011         s/ Michael J. Davis
                                                       Michael J. Davis
                                                       Chief Judge
                                                       United States District Court